COURT OF CHANCERY
OF THE
STATE OF DELAWARE

ABIGAIL M. LEGROW
MASTER IN CHANCERY

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: December 19, 2014
Submitted: October 29, 2014

Alan L. Lucas
Linn County Correctional Center
P.O. Box 608
Cedar Rapids, IA 52406-0608

Theodore J. Tacconelli
Rick S. Miller
Ferry Joseph & Pearce, P.A.
P.O. Box 1351
Wilmington, DE 19899

Re:     *Alan L. Lucas, et al. v. Alan Hanson, et al.*
          C.A. No. 9424-ML

Dear Counsel and Parties:

Following the issuance of my final report dated July 1, 2014, which recommended that the Court dismiss the amended complaint without prejudice, the plaintiff, Alan L. Lucas, filed a second amended complaint ("the Second Amended Complaint"). Alan Hanson, Patty Hanson, and Marcella Hosch (the "Hanson and Hosch Defendants") have moved to dismiss the Second Amended Complaint on the basis that Mr. Lucas lacks standing to pursue this matter (the "Motion to Dismiss"). After the Motion to Dismiss was fully briefed, Mr. Lucas filed an "Application for Temporary Stay of Proceedings" (the "Motion to Stay") because he was exploring whether to retain counsel and because he understood that other parties might intervene in the case. For the reasons that follow, I recommend that the Court grant the Motion to Dismiss and deny the Motion to Stay.

## BACKGROUND

The facts underlying the parties' dispute were summarized in my July 1, 2014 Final Report and need not be repeated in detail here. To briefly summarize, Covenant Investment Fund LP ("Covenant") is a Delaware limited partnership. In earlier complaints, Mr. Lucas alleged that Prosapia Capital Management LLC ("Prosapia Capital") is the general partner of Covenant and that Mr. Lucas is the operating manager of Prosapia Capital.[1] The defendants are or were limited partners of Covenant.[2]

In June 2011, Mr. Lucas was charged in Iowa with theft and ongoing criminal conduct associated with the expenditure and liquidation of Covenant's funds and assets.[3] Mr. Lucas was convicted on October 23, 2013 and was sentenced on March 14, 2014 to 25 years in prison.[4] In connection with the criminal proceedings, Iowa declared "that the entire amount [of] cash in [Covenant's] account was the property of the [named defendants] and that Lucas, as General Partner, should have distributed it to [the named defendants] and dissolved Covenant upon Lucas becoming General Partner."[5] As in his previous complaints, Mr. Lucas alleges in the Second Amended Complaint that the State of Iowa has seized Covenant's assets and intends to distribute those assets to the

---

[1] *See* First Am. Compl. for Declaratory J. and Prelim. Inj. (hereinafter "First Am. Compl.") ¶¶ 1, 2.

[2] Second Am. Compl. for Declaratory J. and Prelim. Inj. (hereinafter "Second Am. Compl.) ¶¶ 3-5.

[3] *Id.* ¶ 26.

[4] *Id.* ¶¶ 31, 33.

[5] *Id.* ¶ 26.

defendants.[6] Mr. Lucas seeks a number of declarations regarding his interpretation of Delaware law governing limited partnerships,[7] as well as an injunction prohibiting the defendants from receiving disbursement of Covenant's assets until the issues in this case have been resolved.[8]

I recommended that the Court grant the first amended complaint without prejudice on the basis that Mr. Lucas did not therein allege he was either a general partner or a limited partner of Covenant. In the Second Amended Complaint, Mr. Lucas alleges he is both a general and limited partner of Covenant, although his response to the Motion to Dismiss confirms that he is not pursuing a derivative action and is not relying on his alleged position as a limited partner to confer standing in this action.[9] In their Motion to Dismiss, the Hanson and Hosch defendants dispute Mr. Lucas's position as general partner of Covenant, pointing to filings with the Delaware Secretary of State that identified Prosapia Capital as Covenant's only general partner.[10]

On August 27, 2014, Mr. Lucas purported to file with the Delaware Secretary of State an Amendment to the Certificate of Limited Partnership that identified both Alan Lucas and Prosapia Capital as Covenant's general partners as of that date (the

---

[6] *Id*. "Prayer for Relief Request for Immediate Preliminary Injunction."

[7] *Id*. "Prayer for Relief" ¶¶ 1-8.

[8] *Id*. "Prayer for Relief, Request for Immediate Preliminary Injunction" ¶ 4.

[9] *See* Plaintiff's Reply to Defs.'s Mot. to Dismiss Second Am. Compl. (hereinafter "Answering Br.") at 12-13.

[10] Defs.'s Mot. to Dismiss Second Am. Compl. (hereinafter "Opening Br."), Ex. A. None of the other named defendants have answered the Second Amended Complaint. It is not clear that the remaining defendants properly were served with the Second Amended Complaint.

"Certificate of Amendment").[11]  Mr. Lucas also contends that he became Covenant's general partner on May 18, 2010, attaching as evidence a one page document that he signed as Covenant's General Partner.[12]  In their reply brief in support of the Motion to Dismiss, the Hanson and Hosch Defendants argue that the belated filing of the Certificate of Amendment was not sufficient to confer standing on Mr. Lucas as of the time the Second Amended Complaint was filed and therefore the motion to dismiss should be granted and this case dismissed with prejudice.

On October 24, 2014, Mr. Lucas filed the Motion to Stay, arguing that the Court should defer ruling on the Motion to Dismiss because Mr. Lucas was exploring whether to retain counsel and because either Prosapia Capital or Covenant had indicated they might move to intervene in this action.[13]  To date, no counsel has entered an appearance on behalf of Mr. Lucas and no motion to intervene has been filed.

## ANALYSIS

Pursuant to Rule 12(b)(6), this Court may grant a motion to dismiss for failure to state a claim if a complaint does not assert sufficient facts that, if proven, would entitle the plaintiff to relief.  The governing pleading standard in Delaware to survive a motion to dismiss is "reasonable 'conceivability.'"[14]  When considering such a motion, a court must

---

[11] *See* Answering Br. Ex. C-1.
[12] Answering Br. Exs. A, B.
[13] Plaintiff's Application for Temporary Stay of Proceedings at 2.
[14] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 537 (Del. 2011) (footnote omitted).

accept all well-pleaded factual allegations in the Complaint as true, accept even vague allegations in the Complaint as "well-pleaded" if they provide the defendant notice of the claim, draw all reasonable inferences in favor of the plaintiff, and deny the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof.[15]

This "conceivability" standard asks whether there is a "possibility" of recovery.[16] If the well-pleaded factual allegations of the complaint would entitle the plaintiff to relief under a reasonably conceivable set of circumstances, the Court must deny the motion to dismiss.[17]

In the Second Amended Complaint, Mr. Lucas alleges he is a general partner of Covenant. He did not attach or incorporate by reference in his complaint any documents relating to his appointment as general partner. Only after the Hanson and Hosch defendants relied on the filings on record with the Delaware Secretary of State did Mr. Lucas (1) file the Certificate of Amendment and (2) provide additional factual allegations and documents that he contends support a reasonable inference that he became a general partner on May 18, 2010.

In resolving a motion to dismiss, I cannot look outside the complaint for facts to support it.[18] The only "facts" properly before the Court are (1) Mr. Lucas's allegation that he is a general partner and (2) the filings with the Delaware Secretary of State, which do not identify Mr. Lucas as a general partner as of the date the Second Amended

---

[15] *Id.* (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002)).
[16] *Id.* at 537 & n.13.
[17] *Id.* at 536.
[18] *Shintom Co., Ltd. v. Audiovox Corp.*, 2005 WL 1138740, at *4 n.8 (Del. Ch. May 4, 2005).

Complaint was filed. Mr. Lucas provided factual allegations and additional documents in his answering brief, including signature pages for Covenant's partnership agreement dated in 2010, but the Court may not consider allegations outside the pleadings or take judicial notice of those documents, unlike documents on file with the Secretary of State. Although Mr. Lucas may have a valid basis to allege that he became a general partner before the Certificate of Amendment was filed, I cannot draw a reasonable inference to that effect based on the allegations in the complaint. Alternatively, the Hanson and Hosch Defendants may have a valid argument that Mr. Lucas was not admitted as a general partner, if at all, until the Certificate of Amendment was filed, but the parties have not had an opportunity to brief that issue because the facts that underlie it were not presented to the Court until Mr. Lucas filed his answering brief.

I therefore recommend that the Court grant the Motion to Dismiss without prejudice, giving Mr. Lucas one final opportunity to amend the complaint. Because this is the second time I have recommended dismissal of the complaint, I also recommend that, if Mr. Lucas files an amended complaint and that amendment is dismissed by this Court, the dismissal be with prejudice. This recommendation, in my view, fairly balances Mr. Lucas's status as a self-represented litigant with the defendants' interest in achieving finality in these proceedings.

Because I have recommended that the Court grant the motion to dismiss without prejudice, Mr. Lucas's Motion to Stay is moot. If he wishes to do so, Mr. Lucas may

retain counsel to assist him in this action going forward.  I do not view the possibility that

other parties may move to intervene as a basis to grant the Motion to Stay.

## CONCLUSION

For the foregoing reasons, I recommend that the Court grant the Motion to

Dismiss without prejudice and deny the Motion to Stay as moot.  This is my final report

and exceptions may be taken in accordance with Court of Chancery Rule 144.

Sincerely,

/s/ *Abigail M. LeGrow*
Master in Chancery